The complaint should be dismissed upon the merits, with costs.

Complaint dismissed, with costs.

MINNIE MUSEWALD, Respondent, v. FRED SEEKER, Appellant.

(County Court, Chautauqua County, August, 1906.)

Landlord and tenant — Rent and advances — Rights and liabilities — Time of accrual.

Where a lease provides for the payment of rent in installments, the last installment being payable on a certain date "or sooner if the party renting desires," and the lease in an earlier part speaks of the landlord having "rented her farm," the lease will be interpreted as intending the landlord by the words "the party renting" and as giving to the landlord the option to make the last installment of rent payable sooner than the specified date.

APPEAL from a judgment of a Justice's Court in favor of plaintiff in an action to recover rent.

Nelson J. Palmer, for appellant.

Stearns, Thrasher & Sullivan, for respondent.

OTTAWAY, J. This is an action brought by the plaintiff to recover rent, claimed to be due the plaintiff from the defendant, for the use of a farm in the town of Stockton, Chautauqua county, N. Y. The action was commenced by the service of a summons upon the defendant upon the 12th day of December, 1904. The lease provides: "This indenture is made to certify that Mrs. Minnie Musewald has rented her farm to Mr. Seeker for the sum of $125, one third of this sum to be paid in June, 1904, and one third the following September, the balance to be paid in Dec. or sooner if the party renting desires." There are other provisions of the lease. The controversy arises over the construction of the phrase, "the balance to be paid in Dec. or sooner if the party renting desires." It is the contention of the appellant that the option of paying sooner was made for the benefit of the tenant. The respondent insists that this option was made to the landlord. It is alleged in the plaintiff's complaint that the payment in December depended upon the election of the plaintiff and that she had elected that the same become due prior to the commencement of this action and that she had demanded the same of the defendant. The defendant, upon the return day, filed a general denial to the plaintiff's complaint. An adjournment was had. Upon the adjourned day the defendant applied for a further adjournment. Having failed to make out a case for an adjournment he withdrew from the action. Thereupon the plaintiff introduced in evidence the contract, gave evidence of a demand upon the defendant for the entire rent and recovered judgment against the defendant for the sum total for the rent for the year, less certain payments made by the defendant. The contention of the appellant is that the judgment should be modified in the sum of the last payment. An examination of the definition of the word "renting" furnishes no aid to the court as it is applied indiscriminately to both parties. The Century Dictionary defines the verb

" rent " " to grant the possession and enjoyment of for a consideration in the nature of rent." Second, " to take and hold for a consideration in the nature of rent." Other lexicographers give similar definitions. Therefore, it becomes necessary for the court to seek guidance from some other rule of construction. The evidence of circumstances surrounding the making of this contract is meagre and the court has resorted to the contract itself for information as to the intention of the parties. The primary rule for an interpretation of a contract is to gather the intention of the parties, not simply by reading a single clause, but the whole context. We find that the parties have invoked the use of this same word in the commencement of the written contract in connection with the plaintiff, Minnie Musewald. They declare that " Minnie Musewald has rented her farm." Following this use of the word it is apparent that Mrs. Musewald is the party intended in the subsequent clause. This was the construction given by the justice before whom this case was tried. It is the uniform practice of courts in reviewing proceedings had before a justice of the peace to sustain them by every reasonable and warrantable intendment and especially where the party after opportunity given does not avail himself of presenting his defense to the justice before whom the case is tried.

The judgment should be affirmed, with costs to the respondent.

Judgment affirmed, with costs to respondent.